UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY W. ALBRECHT,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Cause No.: 4:11-cv-1914<br>) |
| MOBILE NATIONAL<br>DEVELOPMENT CO., L.L.C.,<br>SERVE AT:  Alan J. Steinberg<br>         655 Craig Rd., Ste. 338<br>         St. Louis, MO 63141<br>   and | )<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |
| CONSTANCE WHITBY,<br>SERVE AT: #1 Eldorado Court<br>         St. Peters, MO 63376<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

COMES NOW Plaintiff, Gregory W. Albrecht, by and through his attorney, and for his claims for relief against Defendants Mobile National Development Company, L.L.C., and Connie Whitby, alleges and states as follows:

1. Plaintiff, Greg Albrecht ("Albrecht"), is a person with a disability renting from Defendant Mobile National Development Company ("Mobile National") through its leasing agent, Constance Whitby ("Whitby"). This complaint stems from defendants' refusal to grant Albrecht's request for a reasonable accommodation due to his disability under the Fair Housing Act and defendants' subsequent attempt to evict Albrecht from the property.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Greg Albrecht ("Albrecht"), is an individual and is a resident of St. Charles County.

3. At all times material and relevant, Defendant Mobile National Development Company ("Mobile National") was and is a corporation incorporated under the laws of the State of Missouri with its principle place of business in this state.

4. Defendant Constance Whitby ("Whitby") is an individual and is a resident of the State of Missouri.

5. At all times material and relevant, defendant Whitby was acting as the servant, agent, and/or employee of defendant Mobile National and was at all times acting within the scope of such agency, servitude and/or employment.

6. This court has personal jurisdiction over defendant Mobile National because Mobile National is a Missouri corporation and transacts and does business in the Eastern District of Missouri.

7. This court has personal jurisdiction over defendant Whitby because Whitby is a citizen and resident of the Eastern District of Missouri.

8. This Court has federal claim jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 pursuant to 42 U.S.C. 3613(a)(2).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) in that a substantial part of the unlawful events giving rise to Albrecht's claims occurred in the Eastern District of Missouri, and Defendant Mobile National transacts business in this District.

## FACTUAL ALLEGATIONS

10. Albrecht is diagnosed with Bipolar Affective Disorder, Depression, Post Traumatic Stress Disorder, Anxiety, and Adult Attention Deficit Hyperactivity Disorder.  Albrecht's disabilities cause him to have mood swings and substantially limit his ability to interact with others, understand consequences, learn, adjust to new situations, and generally function.  The effects of Albrecht's disabilities are anticipated by his medical providers to be permanent.

11. Albrecht 's disabilities as described in paragraph 10 above constitute "handicaps" as that term is defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

12. Mobile National offers "dwellings" for rent within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

13. Mobile National owns and operates Eldorado Estates in St. Peters, Missouri.

14. Whitby was at all relevant times the manager of Eldorado Estates.  Whitby was Mobile National's point of contact for tenants of Eldorado Estates, and she handled complaints and concerns stemming from their tenancy.

15. On September 1, 2010, Albrecht began leasing a lot at Eldorado Estates at 369 Grenada Court ("the Property"), from Mobile National.  Albrecht owned a trailer which served as his sole residence, and which he parked on the Property. (Lease between Mobile National and Albrecht attached as Exhibit 1.)

16. Mobile National knew or should have known of Albrecht's disability.  In a letter to Whitby dated March 10, 2011, Albrecht indicated that he was under medical care and specifically enumerated the disabilities from which he has been diagnosed, as described in paragraph 10 above.

17. On June 6, 2011, Whitby notified Albrecht that one of his neighbors had complained to her about the volume of Albrecht's music.

18. This notice upset and disturbed Albrecht, and he responded by contacting Whitby numerous times in writing and in over the telephone in a manner that, upon information and belief, Whitby found to be excessive and unreasonable.

19. Due to his disabilities, Albrecht has difficulty with social interactions and his expression of anger.  These issues led to the excessive nature of the responses identified in paragraph 18.

20. Albrecht was notified that his tenancy was to be terminated in a letter dated June 22, 2011 from Les Steinberg, counsel for Mobile National ("Steinberg").  Steinberg's letter indicated that Albrecht's tenancy was terminated as of September 1, 2011, but did not articulate a reason for said termination.

21. Upon information and belief, Albrecht's lease was terminated because he was difficult to deal with at times, and in particular because of his response to the noise complaint identified in paragraphs 17-18.

22. Upon receiving Steinberg's letter, paragraph 20 above, Albrecht contacted Steinberg by phone, at which time Steinberg informed him that his tenancy was being terminated because Mobile National no longer wanted to do business with him.

23. Throughout the month of July, Albrecht continued to send letters to Whitby regarding the noise dispute and the termination of his tenancy, expressing his mounting frustration at her continued lack of response.

24. In a letter dated July 28, 2011, Steinberg reasserted that Mobile National was terminating Albrecht's tenancy because they no longer wanted to do business with him, and indicated that he should cease contacting Whitby and direct further correspondence to Steinberg.

25. Following his receipt of Steinberg's letter, paragraph 21 above, Albrecht came to understand that he was not to contact Whitby, and ceased his attempts to resolve the dispute with Whitby over his tenancy, in compliance Steinberg's instructions.

26. On or about July 25, 2011, Albrecht drafted a complaint to be filed with the Missouri Commission on Human Rights ("MCHR") alleging that Mobile National had discriminated against him because of his disability.  MCHR acknowledged his complaint had been filed in a letter dated August 3, 2011.

27. On September 1, 2011, Mobile National, through its counsel Steinberg, informed Albrecht that his notice had expired and his tenancy was officially terminated.

28. On or about September 7, 2011, Mobile National began eviction proceedings against Albrecht in the 11th Judicial Circuit Court of St. Charles County.

29. On September 26, 2011, EHOC formally requested on Albrecht's behalf that Mobile National, as a reasonable accommodation due to Albrecht's disability, discontinue their efforts to evict him and develop strategies to resolve further conflicts consistent with Albrecht's disabilities, described in paragraph 10 above.

30. Mobile National denied Albrecht's request for a reasonable accommodation in a letter dated September 28, 2011.

31. In the letter referenced in paragraph 30 above, Mobile National indicated that Albrecht's tenancy was terminated because Mobile National found the tone of Albrecht's communications to be offensive.

## COUNT I:

## VIOLATION OF THE FHA BY MOBILE NATIONAL AND WHITBY

32. Albrecht incorporates by reference paragraphs 1 through 33 above.

33. Albrecht has a handicap within the meaning of the FHA because he has impairments which substantially limit one or more major life activities.

34. Mobile National and Whitby knew, or reasonably should have known, that Albrecht was a person with a handicap.

35. Mobile National and Whitby violated the FHA by discriminating in the sale and/or rental of, or otherwise making unavailable, a dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(1), in that it terminated Albrecht's lease because of the effects of his disability.

36. Mobile National and Whitby violated the FHA by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations were necessary to afford Albrecht equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(b), in that it denied the reasonable accommodation request Albrecht made on September 26, 2011.

37. As a direct and proximate result of Mobile National's and Whitby's conduct, Albrecht has been and continues to be damaged.

WHEREFORE, Plaintiff Albrecht respectfully requests that the Court enter judgment in his favor and against Mobile National and Whitby as follows:

A. Enter a declaration that Mobile National and Whitby violated the FHA in the following ways:

1. Making Albrecht's housing unavailable because of his disability;
2. Failing to make reasonable accommodations because of disability.

    B.  Enter an injunction ordering Mobile National and Whitby to cease any attempts to evict Albrecht and reinstate Albrecht's tenancy;

    C.  Enter an injunction ordering Mobile National and Whitby to undergo fair housing training;

    D.  Enter an injunction prohibiting Mobile National from further violations of the fair housing laws stated herein, as to Albrecht;

    E.  Award Albrecht actual damages;

    F.  Award Albrecht statutory and punitive damages pursuant to 42 U.S.C. § 3613(c)(1);

    G.  Order Mobile National to pay all costs and attorney's fees pursuant to 42 U.S.C. § 3613(c)(2); and

    H.  Grant Albrecht such further relief as deemed appropriate.

## COUNT II:
## MOBILE NATIONAL'S NEGLIGENCE

38. Plaintiffs incorporate by reference the allegations of paragraphs 1-37.

39. Mobile National and Whitby owed the Albrecht a duty to operate the housing program at Eldorado Estates in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline its employees and agents to fulfill that duty.

40. Mobile National negligently breached that duty by discriminating against the Albrecht on account of his disability. Specifically, Mobile National breached its duty in the following non-limiting ways:

    a.  Failing to properly train employees and agents regarding federal and state housing discrimination laws;

  b. Failing to hire persons who were familiar with and capable of adhering to federal and state housing discrimination laws; and

  c. Failing to discipline or terminate employees who did not comply with the federal and state fair housing laws.

41. As a direct and proximate result of Mobile National's breaches of duty, Albrecht has suffered mental anguish and emotional distress, along with attendant physical injuries and conditions.

 WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Mobile National as follows:

 A. Enter a declaration that Mobile National violated the FHA in the following ways:

  1. Discriminating against Plaintiffs because of disability;

  2. Failing to make reasonable accommodations because of disability;

 B. Enter an injunction prohibiting Mobile National from further violations of the fair housing laws stated herein, as to Albrecht;

 C. Award Albrecht actual damages;

 D. Award albrecht statutory and punitive damages pursuant to 42 U.S.C. § 3613(c)(1);

 E. Order Mobile National to pay all costs and attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2); and

F. Grant Albrecht such further relief as deemed appropriate.

Dated: November 2, 2011                               Respectfully submitted,

/s/ Zachary Schmook

Zachary Schmook, #5198318
**Metropolitan St. Louis Equal Housing Opportunity Council**
1027 S. Vandeventer, 6th Floor
St. Louis, MO 63110
Telephone: (314) 246-9381
Facsimile: (888) 636-4412
zschmook@ehoc-stl.org

## VERIFICATION

I, Gregory Albrecht, having been duly sworn depose and state that I have read the foregoing Verified Complaint, and that the information stated therein is true, and those factual matters which are stated upon information and belief are believed to be true.

_____
Gregory Albrecht

Subscribed and sworn to me this __2__ day of November, 2011.

_____
Notary Public

CHRISTOPHER CHULKA
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 10936799
My Commission Expires February 17, 2014